UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEY A. DAVENPORT,<br><br>                               Plaintiff,<br><br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>                              Defendant. | Case No.: 3:17-cv-00580-AJB-BGS<br><br>**ORDER GRANTING IN PART AND DENIES IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND EXPENSES**<br><br>**(Doc. No. 82.)** |

Before the Court is Plaintiff Mickey A. Davenport's ("Plaintiff") motion for attorneys' fees, costs, and expenses. (Doc. No. 82.) Defendant FCA US LLC ("FCA") opposed the motion. (Doc. No. 88.) For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** the motion, with a reduction of fees as set forth below.

**I. BACKGROUND**

This case arises out of the purchase of a new 2014 Jeep Cherokee ("the Vehicle") for a sales price of $37,218.57. The Vehicle was manufactured and distributed by Defendant FCA US LLC, which provided a written warranty with the Vehicle. Within the applicable warranty period, the Vehicle exhibited ongoing transmission and engine problems. Despite numerous attempts by FCA to fix Plaintiff's Vehicle, the problems persisted. Plaintiff eventually contacted FCA customer service in November 17, 2015, and requested they repurchase the defective Vehicle. FCA rejected Plaintiff's request. Plaintiff

filed the Complaint in San Diego Superior Court on September 9, 2016, alleging violations of the Song-Beverly Act and fraudulent concealment. The action was removed to this Court on March 23, 2017. On July 16, 2019, the parties filed a joint settlement. Plaintiff filed his motion for attorneys' fees, costs, and expenses, and FCA opposed the motion. (Doc. Nos. 82, 88.) This order follows.

## II.     LEGAL STANDARD

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (noting that in a diversity action, the Ninth Circuit "applied state law in determining not only the right to fees, but also in the method of calculating the fees").

As explained by the Supreme Court, "[u]nder the American Rule, 'the prevailing litigant ordinarily is not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, a statute allocating fees to a prevailing party can overcome this general rule. *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). Under California's Song-Beverly Act, a prevailing buyer is entitled "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 794(d).

The Song-Beverly Act "requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended, and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99, 104 (1994). The court may consider "factors such as the complexity of the case and

procedural demands, the skill exhibited, and the results achieved." *Id.* If the court finds the time expended or fee request "is not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Id.* "A prevailing buyer has the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Id.* (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816 (1992)); *see also Goglin v. BMW of North America*, LLC, 4 Cal. App. 5th 462, 470 (2016) (same). If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th 550, 564 (2008). Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

## III.   DISCUSSION

As a prevailing buyer, Plaintiff is entitled to an award of fees and costs under the Song-Beverly Act. *See* Cal. Civ. Code § 1794(d); *see also Goglin*, 4 Cal. App. 5th at 470. Here, Plaintiff moves the Court: (1) for an award of attorneys' fees pursuant to California Civil Code § 1794(d) under the "lodestar" method in the amount of $50,616.25, (2) for a "lodestar" modifier of 0.5 under California law, in the amount of $25,308.13, and (3) to award actual costs and expenses incurred in the amount of $26,535.11. (Doc. No. 82-1 at 7–8.) Plaintiff requests a total of $102,459.49 in attorneys' fees, costs, and expenses. FCA acknowledges Plaintiff is entitled to recover attorneys' fees and costs, but argues the amount requested is unreasonable and should be reduced. (Doc. No. 88 at 7.)

### A.   Plaintiff's Attorneys' Fee Request

First, Plaintiff seeks $31,090.00 for work completed by Knight Law Group ("KLG") and $19,526.25 for work completed by co-counsel, HDMN. (Doc. No. 82-1 at 14.) This totals $50,616.25 in attorneys' fees for both law firms.

//

3

### 1. Hours Worked By Counsel

A fee applicant must provide time records documenting the tasks completed and the amount of time spent. *See Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). Under California law, a court "must carefully review attorney documentation of hours expended" to determine whether the time reported was reasonable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (quoting *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977)). Thus, evidence provided by the fee applicant "should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). The court must exclude "duplicative or excessive" time from its fee award. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 161 (2006); *see also Ketchum*, 24 Cal. 4th at 1132 (stating "inefficient or duplicative efforts [are] not subject to compensation").

The billing records submitted by KLG indicate that its attorneys expended 80.2 billable hours on this case while HDMN billed 78.75 hours to the case. (Doc. No. 82-2 at 36; Doc. No. 82-3 at 13.) FCA objects to the reported hours, arguing there was duplication, as well as other excessive rates or time billed. (Doc. No. 88 at 12–14.) In particular, FCA lists numerous objections where billing entries were either excessive, duplicative, or included clerical work. The Court will address each objection below.

First, FCA objects to S. Daghighian of HDMN billing $1,237.50 for 2.25 hours at an hourly rate of $550.00. FCA states that this Court previously found S. Daghighian's reasonable billing rate to be $490.00. (Doc. No. 88 at 13.) However, it appears that S. Daghighian's hourly rate was raised to $550/hour in 2019 from $490/hour in 2018. (Doc. No. 82-3 at 9.) Even with this increase in the hourly rate, the Court finds that $550.00 is still within the reasonable range for lemon law attorneys with similar experience and expertise as S. Daghighian. Thus, the Court finds that this rate is appropriate.

Next, FCA seeks to exclude $1,785.00 billed by partner Amy Morse of KLG for 5.1 hours spent on drafting written discovery. (Doc. No. 88 at 13.) FCA contends Plaintiff's

counsel propounds the same discovery requests in every lemon law action KLG brings against FCA on behalf of different plaintiffs. (*Id.*) While Plaintiff argues that these amounts are reasonable, the Court agrees with FCA that these amounts are rather excessive particularly given that Amy Morse is a partner at KLG, and that this is a template-driven exercise. Thus, the Court, in its discretion, will reduce KLG's recoverable fees by $700.00.

FCA next takes issue with the $330.00 billed by S. Mikhov of KLG to review several notices, orders, trial documents, and correspondence for which FCA claims he had no other involvement as he had nothing to do with trial preparations or presentation. (Doc. No. 88 at 13.) The Court does not find that these entries are particularly problematic because S. Mikhov, as Plaintiff's counsel, of course had a professional responsibility to stay informed about the litigation. However, the Court will reduce KLG's fees for these amounts by $100.00.

In its next challenge, FCA disputes the $3,850.00 billed by HDMN for travel time between San Diego and Los Angeles on April 26, 2019 to attend a Mandatory Settlement Conference, and on May 9, 2019 to attend a motion in limine hearing. (Doc. No. 82-3 at 11–12.) As a general proposition, travel time may be billed at normal hourly rates. *See, e.g.*, *Hall v. City of Fairfield*, No. 2:10–cv–0508 DAD, 2014 WL 1286001, at *13 (E.D. Cal. Mar. 31, 2014). However, FCA argues that this amount was "spent in travel time by the L.A. lawyers to San Diego without any explanation for why local San Diego counsel who regularly appear on KLG cases could not have represented this Plaintiff." (Doc. No. 88 at 12.) As such, the Court will, in its discretion, reduce HDMN's fees by $2,000.00.

FCA also takes issue with the $56.25 billed by HDMN for sending KLG correspondence. (Doc. No. 88 at 13.) FCA says that HDMN did not charge for correspondence sent to KLG on August 16, 2018 and August 20, 2018, yet HDMN billed for emailing KLG about dealership deposition transcripts on April 24, 2018. (*Id.*) The Court agrees FCA should not have to pay for HDMN to send correspondence to KLG, and will exclude the $56.25 from HDMN's fees.

FCA also challenges the $2,233.75 billed by HDMN for several meetings among

HDMN attorneys where FCA argues "the subject matter of the meeting is vaguely defined." (Doc. No. 88 at 13.) As one example, HDMN billed $367.50 for "[m]eeting with AOE and co-counsel re: trial preparation strategy." (Doc. No. 82-3 at 10.) Upon close review of the descriptions of the billable activities, the Court concludes that some entries lack the necessary specificity, while others do not, *see* Doc. No. 82-3 at 10 ("Meeting with SD regarding Rule 26(a)(3)(A) Pretrial disclosures."). As such, the Court will adjust HDMN's fees downwards by $700.00.

Additionally, FCA seeks for the Court to exclude seven entries billed by KLG and HDMN for clerical or administrative tasks. (*See, e.g.*, Doc. No. 82-3 at 9 ("Printed and saved documents received from Co-Counsel. Open and prepared case files. Reviewed Pleadings, Discovery, and Parties document production.")). The Court agrees that Plaintiff's counsel may not be compensated for purely clerical and administrative tasks. *See Castillo-Antionio v. Iqbal*, 2017 WL 1113300, at *7 (N.D. Cal. Mar. 24, 2017). Thus, the Court will reduce KLG's fees by $330.00 for time billed for "review and audit billing" and $370.00 from HDMN's fees for clerical/administrative tasks.

FCA additionally takes issue with the $6,230.00 billed by KLG for the instant motion for attorneys' fees. First, KLG billed a total of $1,505.00 for drafting the motion for attorneys' fees. (Doc. No. 82-2 at 36.) Because the instant motion is largely a template-driven activity, the Court will reduce KLG's recoverable fees by $500.00 for the work completed on the motion. As to the reply brief, KLG billed $700.00 for "anticipated" time in reviewing and analyzing FCA's opposition brief, in addition to $1,750.00 for "anticipated" time for drafting the reply brief. Because KLG has not supplemented its bills with actual time spent on the reply, the Court will reduce the amount recoverable for the reply brief by $1,000.00. Finally, KLG may not be compensated $2,275.00 for the "anticipated" time for traveling to and appearing for the hearing on instant fee motion. The hearing on this motion for attorneys' fees was vacated by the Court in its determination that the matter was suitable for determination on the papers. (Doc. No. 91.)

Furthermore, FCA wants the Court to reduce KLG and HDMN's fees by $192.50

6

charged for work after the case settled. (Doc. No. 88 at 14.) However, the Court finds that these fees are reasonable because they were billed in connection with the settlement. Thus, these amounts are appropriate and may be recovered.

Finally, FCA takes issue with HDMN's practice of billing in quarterly hour increments. (Doc. No. 88 at 14.) According to the Ninth Circuit, the "practice of billing by the quarter-hour" may result in a request for excessive hours because counsel may bill "a minimum of 15 minutes for numerous phone calls and emails that likely took a fraction of the time." *Welsh v. Metro Life Ins. Co.*, 480 F.3d 942, 948–49 (9th Cir. 2007). FCA argues that here, many emails/communications and review of basic court filings are billed at .25 or .5 increments such that there is a real risk of overbilling. Consequently, FCA advocates for a 20% reduction, in accordance with the Ninth Circuit's decision in *Welsh*. *See Welch*, 480 F.3d at 949 (9th Cir. 2007) (affirming a 20% reduction after finding the billing practice inflated the time recorded); *Prudential Ins. Co. v. Am. v. Remington*, No. 2:12–cv–02821–GEB–CMK, 2014 WL 294989, at *4 (E.D. Cal. Jan. 24, 2014) (also applying a 20% reduction where counsel billed in 15 minute-increments). While not excessively widespread, the Court does find that HDMN billed in increments of .25 for several items including email correspondence, and review of basic court documents such as a notice of hearing or a scheduling order. (Doc. No. 82-3 at 10–11.) Accordingly, the Court, in its discretion, will adjust HDMN's fees downward by 15%.

In summation, KLG's total recoverable fee amount is reduced by $4,905.00. This brings KLG's recoverable fees down to a total of $26,185.00. HDMN's fees are reduced by $3,126.25. This places HDMN's fees to a total of $16,400.00. After applying the 15% reduction ($2,460.00) to account for HDMN's quarterly hour billing practices, HDMN's total fees comes out to $13,940.00.

### 2. Hourly Rates

FCA next argues that under all of the circumstances of this case—from the value of the vehicle in issue, to the basic nature of the litigation tasks involved—the hourly rates are unreasonable. (Doc. No. 92 at 14.) However, the Court is satisfied with the bases for

n/a

Plaintiff's counsels' hourly rates. Particularly, Plaintiff's counsel has provided ample evidence, including surveys of the hourly rates of similar attorneys with similar experience and qualifications. (Doc. No. 82-3 at 15.) Thus, the Court finds the rates cited for all attorneys supported by evidence and reasonable.

### 3. Lodestar Calculation

The lodestar method calculates attorneys' fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *State of Fla. v. Dunne*, 915 F.2d 542, 545 n.3 (9th Cir. 1990) (citing *Hensley*, 461 U.S. at 433); *see also Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016).

| LAW FIRM | LEGAL PROFRESSIONAL | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **Knight Law Group** | Alastair Hamblin | 2.9 | $325 | $942.50 |
| | Amy Morse | 9.5 | $350 | $3,325.00 |
| | Constance Morrison | 11.1 | $375 | $4,162.50 |
| | Kirk Donnelly | 5.0 | $400 | $2,000.00 |
| | Kristina Stephenson-Cheang | 19.8 | $375 | $7,425.00 |
| | Mark E. Berns | 17.8 | $350 | $6,230.00 |
| | Russell Higgins | 7.5 | $450 | $3,375.00 |
| | Steve Mikhov | 6.6 | $550 | $3,630.00 |
| **Knight Law Group Total** | | | | $31,090.00 |
| | | | | |
| **HDMN** | Asa O. Eaton | 25.50 | $225 | $5,936.25 |
| | Andrea Plata | 11.00 | $75 | $825.00 |
| | Erik Schmitt | 36.00 | $250/$275 | $9,850.00 |
| | Lauren C. Martin | 1.00 | $250/$275 | $275.00 |
| | Sepehr Daghighian | 5.25 | $490/$550 | $2,640.00 |
| **HDMN Total** | | | | $19,526.25 |
| **TOTAL** | | | | **$50,616.25** |

Here, with no adjustments to the reasonable hourly rates, the total amount of fees for both KLG and HDMN is $50,616.25. Taking into account the previously noted reductions, the total lodestar amount is $26,185.00 for KLG's fees and $13,940.00 for HDMN's fees.

Therefore, Plaintiff's counsels' total lodestar amounts is **$40,125.00**.

### 4.      Application of a Multiplier

Once a court has calculated the lodestar, "it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Laffitte,* 1 Cal. 5th at 504 (citation omitted); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (indicating the court may adjust the fee award considering "the following factors: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award.").

Here, Plaintiff seeks a 0.5 multiplier based on the risk of taking this case on a contingent fee basis, the substantial costs advanced, the result achieved, and the delay in payment. (Doc. No. 82-1 at 23.) Significantly, however, this case did not present particularly novel or difficult questions of law or fact. Indeed, the issues related to the alleged defect in FCA's vehicles were addressed in *Velasco, et al. v. Chrysler Group LLC*, Case No. 2:13–cv–08080–DDP–VBK and *Hall v. FCA US LLC*, Case No. 1:16-cv-0684-JLT. Thus, the issues presented in this action were not uniquely complex. *See Steel v. GMC,* 912 F. Supp. 724, 746 (N.J. Dist. 1995) ("the issues in lemon law litigation are not complex and do not require a significant amount of legal analysis or novel pleading"). Additionally, it is highly unlikely that the litigation of this specific case precluded counsel, as lemon law attorneys, from taking on other matters. Finally, the Court finds the contingent nature of the fee award is outweighed by the other factors, especially in this action where the disputed facts and issues to be resolved were minimal. Indeed, there was nothing unusual about this case that would put counsel at great risk for accepting the matter on a contingent basis. Accordingly, the Court declines to award a multiplier and finds the lodestar amount of $40,125.00 as reasonable.

### B. Costs to be Awarded

Plaintiff requests costs in the amount of $26,535.11 in this instant motion for attorneys' fees. (Doc. No. 82-1 at 23.) FCA states it will contest Plaintiff's purported costs and expenses after Plaintiff properly refiles his Bill of Costs in compliance with the Local Rules. (Doc. No. 88 at 5 n.1.) The Clerk of Court had directed that Plaintiff's "Bill of Costs must be filed within fourteen days after entry of judgment." (Doc. No. 87.) As such, the Court will defer ruling on Plaintiff's cost at this time. Plaintiff is to refile his Bill of Costs after entry of judgment.

## IV. CONCLUSION

Based upon the foregoing, the Court **ORDERS** as follows:

1. Plaintiff's motion for fees is **GRANTED** in the modified amount of **$40,125.00**; and

2. Plaintiff must **REFILE** his Bill of Costs in accordance with Local Rule 54.1.

**IT IS SO ORDERED.**

Dated: November 23, 2020

Hon. Anthony J. Battaglia
United States District Judge