UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICKEY A. DAVENPORT,<br><br>                              Plaintiff,<br>v.<br><br>FCA US LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>                            Defendant. | Case No.: 3:17-cv-00580-AJB-BGS<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR COSTS AND EXPENSES**<br><br>**(Doc. No. 98.)** |

      Before the Court is Plaintiff Mickey A. Davenport's ("Plaintiff") motion for costs and expenses. (Doc. No. 98.) Defendant FCA US LLC ("FCA") opposed the motion. (Doc. No. 100.) For the reasons stated herein, the Court **GRANTS IN PART AND DENIES IN PART** the motion, with a reduction of costs as set forth below.

**I.    BACKGROUND**

      This case arises out of the purchase of a new 2014 Jeep Cherokee ("the Vehicle") for a sales price of $37,218.57. The Vehicle was manufactured and distributed by Defendant FCA US LLC, which provided a written warranty with the Vehicle. Within the applicable warranty period, the Vehicle exhibited ongoing transmission and engine problems. Despite numerous attempts by FCA to fix Plaintiff's Vehicle, the problems persisted. Plaintiff eventually contacted FCA customer service in November 17, 2015, and requested they repurchase the defective Vehicle. FCA rejected Plaintiff's request. Plaintiff

1

filed the Complaint in San Diego Superior Court on September 9, 2016, alleging violations of the Song-Beverly Act and fraudulent concealment. The action was removed to this Court on March 23, 2017. On July 16, 2019, the parties filed a joint settlement.

## II.  DISCUSSION

Plaintiff seeks costs in the amount of $26,535.11. (Doc. No. 98-1 at 2.) "In general, an award of costs in federal district court is governed by Federal Rule of Civil Procedure 54(d) and not applicable state law, even in diversity cases." *Self v. FCA US LLC*, No. 1:17-CV-01107-SKO, 2019 WL 1994459, at *12 (E.D. Cal. May 6, 2019) (citing *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1022 (9th Cir. 2003)). An exception exists under *Clausen v. M/V NEW CARISSA*, 339 F.3d 1049 (9th Cir. 2003), *as amended on denial of reh'g* (Sept. 25, 2003), which held that the measure of damages is a matter of state substantive law where "a state law provision allows for the awarding of costs as part of a substantive, compensatory damages scheme[,]" *Kelly v. Echols*, No. CIVF05118AWISMS, 2005 WL 2105309, at *16 (E.D. Cal. Aug. 30, 2005). In *Clausen*, the Ninth Circuit found that the measure of damages under Oregon's Oil Spill Act "'is inseparably connected with the right of action[.]'" *Clausen*, 339 F.3d at 1065 (quoting *Chesapeake & O. Ry. Co. v. Kelly*, 241 U.S. 485, 491 (1916)). The Ninth Circuit added that the Oregon Oil Spill Act presented the court "with an 'express indication' of a state legislature's 'special interest in providing litigants' with full compensation for reasonable sums expended in pursuit of [their] Oil Spill Act claim." *Clausen*, 339 F.3d at 1065 (citation omitted). Thus, the pertinent analysis in *Clausen* focuses on whether a state legislature has expressed a special interest in providing litigants with attorneys' fees and costs.

Here, section 1794(d) of the California Civil Code provides that buyers prevailing in an action under the Song-Beverly Act "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution

of such action." Cal. Civ. Code § 1794 (emphasis added). The California Legislature has demonstrated a "special interest" in permitting prevailing Song-Beverly plaintiffs to recover costs and expenses under section 1794. As the California Court of Appeal has noted "[a]n analysis by the Assembly Committee on Labor, Employment, and Consumer Affairs states: 'Indigent consumers are often discouraged from seeking legal redress due to court costs. The addition of awards of 'costs and expenses' by the court to the consumer to cover such out-of-pocket expenses as filing fees, expert witness fees, marshal's fees, etc., should open the litigation process to everyone.'" *Jensen v. BMW of N. Am., Inc.*, 35 Cal. App. 4th 112, 138 (1995), *as modified on denial of reh'g* (June 22, 1995). Therefore, the Court concludes that the Song-Beverly Act applies to Plaintiff's contention that it is entitled to costs and expenses.

However, while state substantive law may apply, this does not obviate the Court's obligation to ensure that the costs were "reasonably incurred." Thus, the Court will briefly review whether Plaintiff's requested costs and expenses are reasonable.

First, FCA argues that the Court should not award any costs and expenses incurred **after** FCA's California Code of Civil Procedure § 998 and Federal Rule of Civil Procedure 68 settlement offers. (Doc. No. 100 at 5.) FCA contends that Plaintiff was unreasonable in not proffering a counteroffer to avoid costly and lengthy litigation. (*Id.* at 6.) However, *Etcheson v. FCA US* LLC forecloses FCA's argument in this case. *See* 30 Cal. App. 5th 831 (2018). In *Etcheson*, the California Court of Appeal held that it was reversible error for the trial court to decide the plaintiffs' entitlement to prevailing party attorneys' fees based on the plaintiffs' failure to accept unreasonable or invalid settlement offers. *Id.* at 842. So too here would it be improper for the Court to cut off Plaintiff's recoverable costs as of the date of FCA's first settlement offer. In particular, as Plaintiff underscores, the ultimate settlement amount exceeds FCA's California Code of Civil Procedure § 998 offer by $59,999.00. Furthermore, the final settlement amount exceeds FCA's Rule 68 offer by $7,499.00. (Doc. No. 102 at 2.) Clearly, Plaintiff's initial refusal to accept FCA's offers was not unreasonable, and FCA does not offer any evidence to prove the contrary.

3

1  Therefore, FCA's argument that all costs should be denied after FCA's settlement offers
2  falls short.
3     Second, FCA takes issue with Plaintiff's request for reimbursement of travel
4  expenses incurred for attending depositions and other legal proceedings. (*Id.* at 7, 9.)
5  However, because FCA does not cite any authority limiting travel costs in Song-Beverly
6  cases, these costs are deemed recoverable. *See Hellenberg v. Ford Motor Co.*, No.
7  18CV2202 JM (KSC), 2020 WL 1820126, at *6 (S.D. Cal. Apr. 10, 2020) (agreeing that
8  costs and expenses related to travel for a deposition may be recovered); *Heffington v. FCA*
9  *US LLC*, No. 217CV00317DADJLT, 2020 WL 5017610, at *12 (E.D. Cal. Aug. 25, 2020)
10 ("But, as plaintiff points out in response, plaintiff is not limited to recovery of taxable costs
11 in this Song Beverly Act case. Accordingly, the court will not reduce any of the requested
12 amount for plaintiff's attorneys' travel.") (citation omitted).
13    Third, FCA argues the charge of $14,509.43 related to Dr. Barbara Luna is
14 unreasonable because Dr. Luna's testimony was nearly identical to that given in several
15 other cases against Defendant. (*Id.* at 7.) Moreover, FCA argues Dr. Luna was Plaintiff's
16 fraud expert, yet Plaintiff did not recover anything on the fraud claim. (*Id.*) The Court
17 largely agrees with FCA, and so, in its discretion, will reduce the recoverable cost relating
18 to Dr. Luna by $7,254.71.
19    FCA also argues that the $8,243.84 for expenses incurred by mechanical expert
20 Anthony Micale is unreasonable because Mr. Micale testified in support of the fraud cause
21 of action, for which Plaintiff did not end up recovering. (Doc. No. 100 at 8.) Additionally,
22 FCA argues Mr. Micale has excessively charged for meals and hotel rooms. (*Id.*) For
23 example, FCA points out that Mr. Micale charged $93.25 for one meal, and $465.55 for a
24 hotel room. (*Id.*) On balance, to ensure reasonable costs awarded, the Court, in its discretion
25 will reduce the recoverable charges by $500.00.
26    In sum, based on the reasoning provided above, the Court will reduce Plaintiff's
27 requested cost by $7,754.72.
28 //

I. CONCLUSION

After thorough review of Plaintiff's submitted Bill of Costs, and briefing filed in support thereof, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion for costs. Plaintiff will be awarded $18,780.39 in costs. The parties are additionally **ORDERED** to proceed in accordance with Magistrate Judge Skomal's order, (Doc. No. 103).

**IT IS SO ORDERED.**

Dated: May 20, 2021

Hon. Anthony J. Battaglia
United States District Judge